REGAN, Judge.
The plaintiff, Thurman W. Ganus, filed this mandamus proceeding against the defendants, Thomas F. Donelon, Jefferson Parish President, Harrison Schouest, Jr., Chief of the Inspection Division, and Denis J. De Vun, Sr., Chief Building Inspector, endeavoring to compel them, in their official capacities, to issue a building permit to Ganus for the purpose of renovating a structure located in 826 Elise Avenue for use as a drive-in grocery store.
The defendants answered and asserted therein that since the prior owner resided in the building until June, 1964, it thereby became a residence and lost its status as an office, a non-conforming use under the zoning ordinance. The defendants thus contend that the structure is no longer exempt from the restrictions classifying it as R-l, or single family residential property.
The lower court rendered judgment ordering the defendants to issue the building permit, and from that judgment they have prosecuted this appeal.
The record reveals that the plaintiff is the owner of a tract of ground in Jefferson Parish located at the corner of West Metairie Avenue and Elise Avenue. He applied for a permit to renovate a building thereon which he asserts has been used as an office building and which he intends to convert into a drive-in grocery store.
The property is clearly located in an area zoned for single family residential dwellings. Ganus explains, however, that it is exempt from this classification because of the non-conforming use thereof as commercial property for a period of approximately eleven years prior to the enactment of the Comprehensive Zoning Ordinance for the Parish of Jefferson. He points out that the non-conforming use had not been abandoned for a sufficient length of time to prohibit the revival thereof and that this proposed renovation will not increase the building’s cubical content, as proscribed by the zoning ordinance.[1] Predicated upon these two facts, he insists that he is entitled to obtain the permit for which he applied.
The building to be renovated was originally erected in about 1947, and was used as a garage for repairing trucks and caterpillar tractors. In about 1950, it was converted into an office from which a sawmill and lumbering business was operated by John Williams, the plaintiff’s ancestor in title. This venture continued until June of 1964, at which time Williams sold the property to Ganus.
It is conceded by the plaintiff that Williams maintained a cot in the premises and slept thereon occasionally.
Mrs. Carol Woolley, a witness for the defendants, evasively testified that she did not in fact know whether the house was used as an office or as a residence. In addition *712 thereto, she could not say with certainty the period of time for which it was used as an office. However, she did know that for some time during 1964, the building was vacant. Her husband also appeared as a witness, but his testimony is of little or no significance.
Hugh N. Ford, Principal Planner in the employ of the Jefferson Planning Department, appeared on behalf of the defendants and testified that he did not know when the sawmill operation ceased. Moreover, he was unaware of the location of the office.
To say the least, the evidence adduced by the defendants in resisting this suit is quite nebulous.
The defendants acknowledge that if the structure was used as an office building, the fact that it is to be converted into a drive-in grocery store is immaterial since the change is one within the same zoning classification. They also admit that if it is found that the structure was in fact used as a non-conforming office building, the two year period had not passed after which a non-conforming use may not be reestablished.[2]
In the last analysis, the defendants simply maintain that since Williams resided in the building for a period of time up to and including June of 1964, it thereby became a residence and lost its status as an office.
The foregoing illucidation reveals that the only significant question posed for the trial court’s consideration was one of fact, and that is whether the structure had been put to a nomconforming use as an office building in an area classified for single family residential dwellings. The judge of the lower court obviously accepted the plaintiff’s version of the manner in which the building had been used, and, therefore, concluded that it had been utilized by Williams as an office building even though he slept therein occasionally.
The question which this appeal has posed for our consideration is whether that conclusion of the trial court is so erroneous and unsupported by the evidence as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ contentions as to the manner in which the property was utilized. The trial judge accepted the plaintiff’s version thereof, and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the foregoing reasons, the judgment of the lower court is affirmed.
Affirmed.

. Comprehensive Zoning Ordinance of Jefferson Parish, Section XVJULL.

. Parish. Ordinance No. S813, Section VOT (3) prohibits reestablishment of a nonconforming use where such use has been discontinued for a period of two years.